UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marco Marino-Zamora, Petitioner v. John Mattos, et al., Respondents | Case No. 2:26-cv-01068-CDS-NJK **Order Granting the First Amended Petition** [ECF No. 10] |

This is a petition for writ of habeas corpus case brought by petitioner Marco Marino-Zamora, a 23-year-old native and citizen of Colombia. ECF No. 10 at 2–3. Zamora asserts that the federal respondents have violated his Fifth Amendment right to procedure due process by failing to provide him with a constitutionally sufficient bond hearing. *See id.* As relief, Zamora seeks a declaration that his Fifth Amendment rights were indeed violated, immediate release from custody or, alternatively, a constitutionally sufficient bond hearing, amongst other requests. *See id.* at 17. The federal respondents[1] oppose the petition, asserting that Zamora's continued detention is lawful and that Zamora has failed to exhaust his administrative remedies. *See* Opp'n, ECF No. 14. The petition is fully briefed. Reply, ECF No. 15. For the reasons set forth herein, Zamora's petition is granted.

## I. Background

Zamora initially entered the United States in 2022 and was eventually paroled after being detained. ECF No. 10 at 3. He later applied for asylum based on fear of persecution. *Id.* While his application was pending, Zamora was released on a Notice to Appear,[2] received authorization to work, and found employment. *Id.* On February 11, 2026, he was arrested and

[1] The federal respondents are Ruben Leyva, Todd M. Lyons, Markwayne Mullin, and Todd Blanche. *See* ECF No. 10 at 2–3.
[2] *See* Resp'ts' Ex. B, ECF No. 14-2.

detained for attempted sexual extortion and distribution of an intimate image; the District Attorney ultimately declined to prosecute the case. *Id.* at 4; ECF Nos. 10-1, 10-2.

Zamora was then transferred into ICE custody and placed in removal proceedings, after which he requested a bond redetermination. ECF No. 10 at 4. His request was granted and, as set forth in the petition, a bond hearing was scheduled for May 4, 2026. *Id.* That request was later withdrawn so Zamora could obtain additional information regarding the status of the criminal case. *Id.* Zamora's attorney made a second request for a bond determination. A second bond hearing was held on May 21, 2026. *Id.* at 5. During that hearing, Zamora's counsel advised the Immigration Judge (IJ) that the District Attorney had declined to pursue the criminal case against Zamora. *Id.* At the conclusion of the hearing, while acknowledging the charges had been dropped but without noting what burden of proof applied nor who carried that burden, the IJ denied bond to Zamora. *Id.* at 6. The written bond decision from the IJ notes "Respondent is a danger to the community based on the circumstances of his arrest." *See* ECF No. 10-5. The petitioner has filed an appeal, which remains pending. ECF No. 10 at 6.

## II. Discussion

As a threshold matter, I find that administrative exhaustion is waived as Zamora meets his burden showing relief is warranted. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *Laing*, 370 F.3d at 1001; *see also Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). Indeed, "the starting point of the analysis is the length of detention—both how long the petitioner has been detained and how long the detention is likely to last." *Gonzalez v. Bonnar*, 2019 U.S. Dist. LEXIS 12636, at *14 (N.D. Cal. Jan. 25, 2019) (collecting cases). Other courts have held that that "the potential for irreparable harm to [the] Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Lozano Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision").

Here, the petitioner is challenging his detention, not his removability, and he has been in custody for over six months. Further, there is no information as to when the BIA would render a decision on his appeal. Thus, I find that Zamora's detention is neither brief nor likely to end in the near future, so waiver of administrative-exhaustion requirement is warranted.

Turning the merits of the petition, the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to due process's requirements. *See id.* at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the

liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

There is no dispute that Zamora is detained under 8 U.S.C. § 1226(a). Section 1226(a) permits detention only through a constitutionally adequate custody determination. *See Singh v. Holder*, 638 F.3d 1196, 1200–05 (9th Cir. 2011). To make that determination, the non-citizen is entitled to an individualized bond hearing where he must prove "by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk' " for the IJ to order his release. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

In assessing a noncitizen's request for release on bond, the IJ is obligated to consider the factors outlined by the BIA in *In re Guerra*, 24 I. & N. Dec. at 40. That case sets out the nine factors to be considered in assessing an individual's request for release on bond:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitled the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Id.* The Ninth Circuit has recognized one of the "most pertinent" factors at custody redeterminations is an "alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Singh*, 638 F.3d at 1206. Although a person's "criminal record is surely relevant to a bond assessment, *Guerra* contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." *Id.*

Based on the record before the court, the IJ failed to consider and apply the nine *Guerra* factors. Rather, the sole reason for denying bond was Zamora's *arrest*, not conviction, and nothing more. Further, there is no record of what burden of proof was applied, nor who carried that burden. This is insufficient to pass constitutional muster. As a result, Zamora's first amended petition is granted. His May 21, 2026 bond hearing failed to comport with procedural due process, so it violated his Fifth Amendment rights. The petitioner is entitled to a prompt and individualized bond hearing where Zamora bears the burden of demonstrating he is neither a flight risk nor a danger to the community, and the IJ considers and applies and the *Guerra* factors.

**III. Conclusion**

IT IS THEREFORE ORDERED that the first amended petition for writ of habeas corpus **[ECF No. 10 ] is GRANTED.**

IT IS FURTHER ORDERED that the federal respondents give Zamora a bond hearing that comports with this order by September 1, 2026. The respondents must file a status report within 48 hours of the bond hearing advising (1) when the hearing occurred and (2) the outcome of that hearing.

IT IS FURTHER ORDERED that the parties must file a **joint status report** no later than September 3, 2026, advising the status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: August 27, 2026

Cristina D. Silva
United States District Judge